PHILIP WALLACH, Appellant, *v.* MORRIS MENDELSON and Another, Respondents.

(Supreme Court, Appellate Term, First Department, December, 1918.)

Brokers — when entitled to commissions — sales — contracts — trial — when dismissal of complaint is error.

A broker earns his commission when he procures an order for goods which is accepted by the seller even though the order provides that he is to furnish samples to be approved by the purchaser.

Where upon the trial of an action to recover broker's commissions under an order for goods accepted by defendants, which provided that they were to furnish samples to be approved by the purchaser, it appeared that defendants submitted no samples except such as were admittedly "no good," a dismissal of the complaint on the ground that the contract required defendants to furnish a sample "and if the contract was dependent on the acceptance of the sample, if the sample was not accepted, then there was no contract, and the broker is not entitled to commissions" is error calling for the reversal of a judgment entered upon the dismissal of the complaint at the close of the plaintiff's case and for a new trial.

APPEAL from a judgment of the City Court of the city of New York dismissing the complaint at the close of plaintiff's case.

Samuel W. Wallach, for appellant.

Louis Dorfman, for respondents.

WEEKS, J. This action was brought to recover commissions claimed to have been earned by plaintiff. There was no dispute upon the trial either as to the employment of the plaintiff or that his compensation was to be based upon a percentage on orders procured by him and accepted by the defendants. The only question in dispute was whether a certain order was one upon which he was entitled to a commission. The language of the order in question was as follows:

"NEW YORK, *March* 4, 1918.

"I, Morris Mendelson, of the firm of Mendelson & Kass, of 455–6th Avenue, New York City, accepts an order from Blauner Bros. & Co., 1372 Broadway, New York City, for twenty-four hundred Kid Cooney collars, one thousand Kalinsky Cooney collars and

fifteen hundred Black Cooney collars, to be made up accordingly to pattern given by Blauner Bros. & Co., price of collars to be $1.65 apiece taped, terms 2%, payments to be made every two weeks, shipments to begin April 1st, 1918 and order to be completed May 30th, 1918.

'' The firm of Mendelson & Kass are to submit six samples of each collar within the next three days, and Mendelson & Kass are not to go ahead with the order until samples have been approved of by Blauner Bros. & Co. After approval, Mendelson & Kass are to begin work on the above order, and merchandise must be like samples submitted.

'' BLAUNER BROS. & Co.
'' MORRIS MENDELSON.''

Evidence was presented that the defendants submitted samples which were not approved by the purchaser and which were admitted by defendants to be '' no good '' because made in a hurry and defendants never submitted any other samples.

The trial court dismissed the complaint upon the ground that the contract required the defendants to furnish a sample '' and if the contract was dependent on the acceptance of the sample, if the sample was not accepted, then there was no contract, and the broker is not entitled to commissions.''

In this we think the court was in error. The plaintiff had earned his commissions when he procured an order which was accepted by the defendants and although the order contained a provision that the defendants were to furnish samples to be approved by the purchaser, the defendants could not relieve them-

Appellate Term, First Department, December, 1918.     [Vol. 105.

selves from their obligation to pay the plaintiff his commission by refusing to furnish samples in accordance with the terms of the order.

The cases relied upon by the respondent are not applicable. In *Wolfsheimer* v. *Frankel,* 130 App. Div. 853, the question was whether the plaintiff had made sales up to a certain amount and the court held that a conditional order, which was subject to cancellation, was not a sale. In *Reis* v. *Automatic Mail Delivery Co.,* 115 N. Y. Supp. 168, the right to commissions was dependent upon a completed contract of sale of the defendant's apparatus with an indebtedness thereupon arising on the part of the purchaser to the defendant, and it was held that a contract for the installation of the apparatus, containing a provision that no payments should be required to be made to the contractor unless the post office department put the chutes and collection boxes in commission and made the same a regular collection station of the department, did not entitle the plaintiff to commissions until the happening of that event was shown.

Judgment must, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

GUY and MULLAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.